By the Court, Cowen, J.
It is treated by the books as
clear, that when a declaration or other pleading of the plaintiff, in an action against one upon a contract, shews that he is a joint contractor with another not sued, saying moreover, in express terms, that the contractor not sued is still living, the defendant shall not be put to his plea in abatement; but may demur, or move in arrest, or maintain error, in case of a verdict against him. (1 Chit. Pl. 46, Am. ed. of 1840, and the cases there cited.) If it do not thus appear in terms that the party omitted is still alive, the question seems to be open whether the non-joinder must not be pleaded in abatement. A case in the Year Book, (28 H. 6. 3, a, pl. 11,) and Cabell v. Vaughan, (1 Saund. 291, 1 Ventr. 34, S. C, 1 Sid. 420, S. C. nom. Chappel v. Vaughan,) ‘are strong cases that it must. (Vid. 1 Saund. 291, a, note 2.) These cases are considered in 1 Saund. 291, b, note (4), and several subsequent cases cited; and some being of an equivocal character in the report áre sought to be reconciled. The learned annotator, himself a very high authority, thinks that the principle governing a plea of non-joinder in abatement, where you must always aver full life, would seem to demand the same averment on the other side, when the objection is founded upon what appears there. The rule is that you need not plead in abatement a matter with which you are already furnished by the plaintiff’s own pleadings; (Eyre, C. J. in Scott v. *478 Godwin, 1 Bos. & Pull. 73;) but in order to satisfy this rule you must be furnished by him with every material fact If he do not aver life, therefore, it follows that you must aver it by plea; for in availing yourself of mere abateable matters, great fulness is required; and courts will not, in this respect, help pleaders by intendment. Non-joinder of a defendant is no more than abateable matter, in whatever form it may appear; and is considered rather an ungracious objection, as may be seen by Rice v. Shute, (5 Burr. 2611, 2613.) See the case of Horner v. Moor, cited by Aston, J. (id. 2614,) which favors the doctrine in the note to Saunders.
On the other hand we have been referred to several cases, of non-joinder on the side of the plaintiff. In these it is held fatal if he shew non-joinder simply, even without expressly averring life in the party off the record. But this objection is always received with much less disfavor than a non-joinder of defendants. The plaintiff knows his associates, whereas he is often ignorant of those on the other side. Hence the ordinary intendment is allowed against him. And the difference between the two cases will be found to have been put upon this ground in Scott v. Godwin, (1 Bos. & Pull. 73, 74,) in a very learned opinion of Eyre, Ch. J. Addison v. Overend, 6 T. R. 766,) is the strongest, among that class of cases, in favor of the plaintiff in error.
The King v. Youngs (2 Anstr. 448,) held the doctrine contended for by the plaintiff in error more directly. The suit was on a recognizance, and McDonald, Oh. Baron, lays down the rule that if the non-joinder of a defendant appear by the declaration, it is bad, irrespective of any averment of life. But that case went on Blackwell v. Ashton, (Aleyn, 21,) which qualifies the rule by confining it to scire facias on a record and conceding that full life must appear to have been averred in case of a bond. Whether there be any thing in the distinction at this day may be doubted. Lawrence, J. too, in South v. Tanner, (2 Taunt. 256,) says, when speaking of the point, that “a person sued as living, *479 is presumed to continue alive;” but the point decided by that case was different, and the remark was made as a reply to counsel in the course of their argument. A case subsequent to that of The King v. Young in the court of exchequer, would seem, however, fully to bear him out; viz. The King v. Chapman, (Anstr. 811,) which was scire facias on an auctioneer’s bond. The Lord Chief Baron said, the court could not distinguish it from The King v. Young. The ‘counsel, Marryatt, arguendo, spoke of the contrary rule as being a very idle one, saying “It is impossible to believe that the fact of the co-obligor being alive could appear on the face of the declaration.”
In Whitaker v. Young, (2 Cowen, 569,) it seems to have been taken for granted that the declaration shewed life in the heir not sued, who was stated in the declaration as still refusing with the others to pay the debt. The objection that such an averment had been omitted was not made, and the court cite and approve the rule in an old edition of 1 Chit. Plead., put there with the same qualification as in the last. Other American courts have, however, followed the rule of the English exchequer, applying it to the non-joinder of a co-contractor, by bond or simple contract, appearing in the declaration, though not accompanied by the express averment that he is living. (Leftwich v. Berkeley, 1 Hen. & Munf. 61. Newell v. Wood, 1 Munf. 1. Harwood v. Roberts, 5 Greenl. 441.) See also what was said in Blackwell v. Ashton, (Styles, 50;) also Osborne v. Crosbern, (1 Bid. 238.)
I have not looked into any other cases. Enough have been cited to show their exceeding conflict; but I am inclined to think that the ancient and true rule in England, is the one laid down by Williams in his note to Saunders, already noticed. It is in harmony with the nature of the plea of non-joinder, and with the policy of discouraging dilatory pleas, which seems to have attached directly to abatement for non-joinder of defendants, whether objected on the declaration or interposed by plea, so early as the Year Book of Hen. 6. The present question, it is true, *480 arises- on a demurrer to the first count of a declaration on a judgment rendered in a court of record of the state of Ohio. But even had it been scire facias on a domestic judgment, it is quite difficult to perceive how the question could be varied by that circumstance, notwithstanding the case of The King v. Young in the exchequer.
The question is certainly beset with difficulties more pressing than I supposed on the argument; for it was not till after that, I had heard or seen any thing of the decisions in the learned courts of Virginia and Maine.
My principal object has been to inform myself of the English rule as it stood at the time of our revolution; and I am satisfied, though not without some hesitation, that it is in favor of the defendants in error; and therefore that the superior court decided rightly.
Judgment affirmed.